

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

This Opinion
Overrules Opinion
#O-283

Opinion No. O-4454

Re: Appointment of deputy for
county treasurer.

Dear Sir:

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"IN EVENT COUNTY TREASURER IS INCAPACITATED ON ACCOUNT OF ILLNESS SAID ILLNESS LIKELY TO BE EXTENDED OVER SEVERAL WEEKS BUT NOT PERMANENTLY COULD COUNTY TREASURER THROUGH PROCEDURE UNDER THIRTY NINE NOUGHT TWO OR OTHERWISE APPOINT DEPUTY TO ACT INCLUDING SIGNING OF WARRANTS QUESTION MARK TREASURER IS MENTALLY SOUND"

We have carefully traced the Legislative history of Article 3902, Vernon's Annotated Texas Civil Statutes, and from that investigation we have found that prior to its amendment in 1935 by Senate Bill 5 of the 44th Legislature of Texas, Second Called Session, the article, and all of its amendments from 1897 to 1935, did not apply to the county treasurer, as each and all of said acts limited the right of appointment of deputies and assistants to the officers named in the acts, either named directly in the act or referred to as the officers named in the then prevailing maximum fee statutes (Art. 3883, 3891, etc.). Immediately prior to its amendment in 1935 by Senate Bill 5, above referred to, Article 3902, V. A. C. S., then read in part as follows:

"Whenever any officer named in Article 3883 shall require the services of deputies or assistants in the performance of his duties, he may apply to the county commissioners' court of his county for authority to appoint such deputies or assistants, setting out by sworn application the number needed, the position sought to be filled, and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts and disbursements of the office; and said court may make its order authorizing the appointment of such deputies and fix the compensation to be paid them and determine the number to be appointed, provided that in no case shall said commissioners' court or any member thereof attempt to influence the appointment of any person as deputy or

assistant in any office. Upon the entry of such order, the officers applying for such deputies shall be authorized to appoint them as now provided by law, provided that said compensation shall not exceed the maximum amounts hereinafter set out."

Thus we see at the time the above quoted statute was in effect, the county treasurer was not authorized to have a deputy or assistant, he not being one of the officers named in Article 3883, V. A. C. S.

Article 3902, R. C. S., of 1925, and all amendments thereto, was amended by said Senate Bill 5. Section 14 of said Senate Bill 5 provides in part as follows:

"Sec. 14. Article 3902, Revised Civil Statutes of Texas, 1925, together with all amendments thereto is hereby amended so as to hereafter read as follows:

"'Article 3902. Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts: . . ."

(The act sets the limitations on salaries according to different population brackets.)

The provision of Article 3902, V. A. C. S. prior to the 1935 amendment, as follows:

"The maximum compensation which may be allowed for deputies

or assistants to the officers named in said Article 3883 for their services, shall be as follows, to-wit:. . ."

was entirely eliminated from Section 14 of Senate Bill 5.

Article 3902, as amended, authorizes the appointment of deputies, assistants and clerks for district, county and precinct officers. There can be no question but what the county treasurer is a county officer.

You are respectfully advised that it is the opinion of this department that the County Treasurer of McLennan County would have authority to appoint a deputy if the provisions of Article 3902, V. A. C. S. are complied with. It is our further opinion that such deputy would have authority to sign warrants where the treasurer was authorized to sign such warrants.

Opinion No. 0-283 of this department is overruled insofar as it conflicts with this opinion.

                                Very truly yours
                                ATTORNEY GENERAL OF TEXAS

                                By /s/ Wm. J. Fanning

                                Wm. J. Fanning
                                Assistant

APPROVED MAR 10, 1942

/s/ Groover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WJF:mp:br